J-S47023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY NEWELL | : | |
| | : | |
| Appellant | : | No. 697 EDA 2025 |

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001491-2016

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 21, 2026**

Appellant, Stanley Newell, appeals *pro se* from the February 27, 2025 order entered in the Court of Common Pleas of Philadelphia County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the factual history as follows:

[O]n September 12, 2015, a gunfire fight erupted between members of rival motorcycle gangs at an event hall in North Philadelphia, [Pennsylvania,] during which Appellant shot and killed a rival gang member. Police arrested Appellant and charged him with one count each of third-degree murder, firearms not to be carried without a license ("VUFA 6106"), carrying a firearm on a public street in Philadelphia ("VUFA 6108"), possession of an instrument of crime ("PIC"), and possession of a firearm by a person prohibited.[1]

[Footnote 1: 18 Pa.C.S.A. §§ 2502(c), 6016(a)(1), 6108, 907(a), and 6105(a)(1), respectively.]

On November 3, 2016, Appellant filed a motion to suppress [a] statement he [] made to police officers. In his motion, Appellant alleged that, even though the [police] officers [] advised him of his **Miranda**[2] rights, they did not ask Appellant if he wanted a lawyer present while they questioned him. The [trial] court denied Appellant's motion on November 7, 2016, and permitted the Commonwealth to admit Appellant's statement as evidence at trial.

[Footnote 2:] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Following a trial, on November 15, 2016, the jury convicted Appellant of the [aforementioned] charges. The trial court ordered the preparation of a pre–sentence investigation report. On November 16, 2016, Appellant filed a motion for extraordinary relief. In the motion, Appellant challenged the sufficiency and weight of the evidence supporting his conviction. On November 23, 2016, the trial court denied the motion.

On January 30, 2017, the [trial] court sentenced Appellant to an aggregate sentence of 18½ to 37 years' imprisonment for his third-degree murder and VUFA 6106 convictions. The [trial] court imposed no further penalty on the remaining firearms convictions. That same day, Appellant filed a motion for reconsideration of sentence. On February 1, 2017, the trial court denied Appellant's motion.

**Commonwealth. v. Newell**, 2018 WL 1443851, at *1 (Pa. Super. filed Mar. 23, 2018) (unpublished memorandum) (emphasis, record citations, and extraneous capitalization omitted). On March 23, 2018, this Court affirmed Appellant's judgment of sentence, finding that Appellant waived all issues for review. **Id.** at *1-*3. Appellant did not seek discretionary review with our Supreme Court. As such, Appellant's judgment of sentence became final on Monday, April 23, 2018, upon the expiration of time in which to file a petition for allowance of appeal with our Supreme Court. 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review"); *see also* Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of [this Court] sought to be reviewed"); 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

On December 20, 2018, Appellant filed *pro se* a timely PCRA petition. Counsel was appointed and filed an amended PCRA petition on June 28, 2019, that, *inter alia*, raised a claim of ineffective assistance of direct appeal counsel. The Commonwealth agreed that Appellant had been deprived of appellate review. On August 26, 2019, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Thereafter, Appellant filed a timely direct appeal challenging his judgment of sentence. On November 16, 2020, this Court affirmed Appellant's judgment of sentence. ***Commonwealth. v. Newell***, 242 A.3d 417, 2020 WL 6707508, at *1 (Pa. Super. filed Nov. 16, 2020) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on August 3, 2021. ***Commonwealth. v. Newell***, 260 A.3d 77 (Pa. 2021). Appellant did not seek discretionary review by the Supreme Court of the United States. As such, Appellant's judgment of sentence became final on Monday, November 1, 2021. 42 Pa.C.S.A.

§ 9545(b)(3); *see also* U.S. Sup. Ct. R. 13(1) (stating, "A petition for *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

On December 1, 2021, Appellant filed *pro se* a PCRA petition. Counsel was appointed to represent Appellant. On April 14, 2022, Appellant filed an amended PCRA petition. The Commonwealth filed an answer on June 20, 2022. On July 25, 2022, the PCRA court provided Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss his petition without a hearing. On August 16, 2022, Appellant filed *pro se* a response to the Rule 907 notice. On September 1, 2022, the PCRA court dismissed Appellant's petition. This Court affirmed the PCRA court order dismissing Appellant's petition on December 14, 2023. ***Commonwealth. v. Newell***, 311 A.3d 583, 2023 WL 8648950, at *1 (Pa. Super. filed Dec. 14, 2023) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on May 28, 2024. ***Commonwealth. v. Newell***, 319 A.3d 502 (Pa. 2024).

On July 16, 2024, James Pitts ("Pitts"), a former homicide detective with the City of Philadelphia Police Department that was involved in the investigation of Appellant's case and testified at his trial, was convicted of perjury and obstruction of justice in an unrelated matter. On December 16, 2024, Appellant filed the instant PCRA petition, his second. On January 30,

- 4 -

2025, the PCRA court notified Appellant, pursuant to Rule 907, of its intent to dismiss the petition without a hearing because it was untimely and without exception. Appellant did not file a response. On February 27, 2025, the PCRA court dismissed Appellant's petition. This appeal followed.[1]

Appellant raises *pro se* the following issues on appeal:

[1.]   Whether [Appellant] filed a timely PCRA [petition]?

[2.]   Whether [Appellant] qualifies for the three exceptions to the [jurisdictional] one-year time limitation [under 42 Pa.C.S.A. § 9545(b)(1)]?

[3.]   Whether [Appellant] is entitled to a new trial based on [after-]discovered evidence of the conviction [for] misconduct and perjury of [Pitts]?

[4.]   Whether [Appellant's constitutional rights guaranteed by the 14th Amendment of the United States Constitution] were violated by [] Pitts when [Appellant] was not given [**Miranda**] warnings until after a custodial interrogation was forced upon him?

[5.]   Whether [Appellant's] right to a fair trial was violated when Pitts failed to record the April 2, 2015 interview of Appellant pursuant to police department policy?

Appellant's Brief at 4.

Appellant's first two issues, collectively, challenge the PCRA court's dismissal of his December 16, 2024 petition. Appellant asserts that the PCRA court erroneously determined that his petition was untimely and that he failed to plead and prove one of the timeliness exceptions enumerated in Section

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed its Rule 1925(a) opinion on February 27, 2025.

9545(b)(1). *Id.* at 11; *see also* 42 Pa.C.S.A. § 9545(b)(1). Specifically, Appellant invokes the newly-discovered fact exception pursuant to Section 9545(b)(1)(ii). Appellant's Brief at 11 (stating that, an exception is triggered "when the facts upon which the claims [are] predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[; the] other two alternatives are [government interference and an after-recognized constitutional right]").

Our scope and standard of review of an order denying a PCRA petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). The PCRA court's findings are afforded great deference and will not be disturbed "merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002). We will not disturb the PCRA court's findings "unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). However, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

When a PCRA petition is untimely, the PCRA court lacks jurisdiction over the claim and does not have the authority to grant relief. ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020). To be timely, a PCRA petition must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). As discussed *supra*, Appellant's judgment of sentence became final on November 1, 2021, upon expiration of the 90-day period for seeking discretionary review with the Supreme Court of the United States. Therefore, Appellant had until November 1, 2022, to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant PCRA petition on December 16, 2024, more than two years after the expiration of time in which to file a timely petition. Accordingly, Appellant's instant petition is facially untimely.

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner pleads and proves one of the statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). The three narrow statutory exceptions to the one-year time-bar are as follows: (1) government interference in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the one-year jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When a petitioner fails to invoke an exception to the

time-bar, the PCRA court lacks jurisdiction to review the petition or provide relief. **Commonwealth v. Spotz**, 171 A.3d 675, 676 (Pa. 2017).

To successfully invoke the newly-discovered fact exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he focus of this exception is on the newly[-]discovered facts, not on a newly[-]discovered or newly[-]willing source for previously known facts." **Commonwealth v. Reeves**, 296 A.3d 1228, 1232 (Pa. Super. 2023). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [] put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016) (citation and original quotation marks omitted). The petitioner must only offer evidence that he or she "exercised due diligence in obtaining facts upon which his [or her] claim was based." **Id.** at 227, *citing* **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001). However, due diligence also "demands that the petitioner take reasonable steps to protect his [or her] own interests." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

In his petition, Appellant asserted that, in November 2024, "he received information [(namely a newspaper article)] *via* first class mail from [an] outside source bringing to his attention that [Pitts] was convicted [on] July 16, 2024[,] of two counts of obstruction and perjury." PCRA Petition, 12/16/24, at 6. Appellant claimed that "it was the sole testimony of [Pitts]

that [caused his criminal matter to be held over for trial and caused the trial court to deny his motion to suppress the April 2015 statement Appellant made to Pitts, in which Appellant] allegedly identified himself as the man [with a gun in his hand] in a video that was recovered from the crime scene[.]" *Id.* at 7. Appellant asserted that Pitts's testimony at the preliminary hearing and suppression hearing was perjury. *Id.* Appellant contends that the information gleaned from the newspaper article established "a consistency [in Pitts's] behavior[,]" namely that he provided false testimony that resulted in wrongful convictions. *Id.* at 9.

In dismissing Appellant's petition, the PCRA court determined that the newly-discovered fact exception did not apply because Appellant failed to demonstrate that the "supposed newly-discovered facts bore any relational nexus to his case by not establishing [that Detective Pitts's] specific wrongdoing [pertained to] his case." PCRA Court Opinion, 2/27/25, at 6. We agree.

Appellant's newly-discovered fact exception is predicated on a newspaper article, dated July 16, 2024, that discussed Pitts's then-recent conviction for obstruction and perjury that stemmed from a defendant's conviction in an unrelated criminal matter. PCRA Petition, 12/16/24, at 6-7 and Exhibit A. In his petition, Appellant asserted that "at the time of [his] preliminary hearing, suppression hearing[,] and trial, [Pitts] was only being investigated for the claims of committing perjury[.]" *Id.* at 6. Appellant argued that the newspaper article detailing Pitts's "conviction, though not

related [to Appellant's case, establishes] a consistency of [Pitts's] behavior" to be untruthful in his testimony, which, Appellant argued, was the sole evidence relied on to support his conviction.  ***Id.*** at 9.

It is well-established that, while a newspaper article may contain allegations that suggest certain exculpatory evidence beneficial to the petitioner may exist, "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Commonwealth v. Brown***, 141 A.3d 491, 502 (Pa. Super. 2016), *citing* ***Commonwealth v. Castro***, 93 A.3d 818, 825 (Pa. 2014). Facts "may not consist of what one hears in the news." ***Castro***, 93 A.3d at 825 n.11. In other words, facts are not what a reader gleans from a newspaper article, or other media report but, rather, facts are the substantive events which prompted the report by the media.

While the "fact" upon which the newspaper article or media report is based may, in certain circumstances, serve to satisfy the newly-discovered fact exception, the fact must have "some relationship to" the claims asserted by the petitioner. ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018). Newspaper articles referencing police misconduct in matters **unrelated** to a petitioner do not constitute newly-discovered facts. ***Reeves***, 296 A.3d at 1233.

Appellant asserts that the newly-discovered "fact" was Pitts's conviction for obstruction and perjury. This "fact," albeit true, was, however, the result of Pitts's actions involving a different defendant in a separate criminal case

unrelated to Appellant's underlying criminal conviction. While the newspaper article may, as Appellant suggests, indicate a similar pattern of behavior by Pitts in other criminal matters, Appellant failed to show that Pitts's conduct, as reported in the newspaper article, had some relationship to his underlying criminal matter. In other words, Appellant failed to relate Pitts's police misconduct in the other criminal case to his underlying conviction. **See Reeves**, 296 A.3d at 1233.

Moreover, as discussed *supra*, the invoking of the newly-discovered fact exception hinges on the fact being previously unknown, *i.e.*, newly-discovered, and not, merely, from a newly-willing or newly-discovered source of a previously known fact. **Id.**; **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii) (requiring, *inter alia*, the facts upon which the claim is predicated to be unknown to the petitioner). Here, Pitts's alleged police misconduct towards Appellant is not newly-discovered. In his 2018 and 2021 PCRA petitions, Appellant asserted that he was aware that Pitts "lied under oath to the trial court." PCRA Petition, 12/20/18, at 11,[2] *referencing* **Commonwealth v. Thorpe**, 2013 WL 11250648 (Pa. Super. filed Nov. 15, 2013) (unpublished memorandum), *appeal denied*, 91 A.3d 162 (Pa. 2014); **see also** Amended PCRA Petition, 6/28/19, at ¶8(e) (stating, there is a "pattern and practice" of Pitts coercing statements by improper means and using threats of force to

_____

[2] For ease of identification, we have assigned page numbers to the unpaginated portion of Appellant's *pro se* PCRA petitions.

intimidate individuals); PCRA Petition, 12/1/21, at 11; Amended PCRA Petition, 4/14/22, at 8-9 (stating, "The *Philadelphia Inquirer and Daily News*, for example, as early as 2013 discussed three different cases where [Pitts] used aggressive or unlawful interrogation tactics to coerce defendants into giving false statements"). Appellant recycles those claims in the present petition. Moreover, Appellant concedes in the instant PCRA petition that "at the time of [his] preliminary hearing, suppression hearing[,] and trial, [he was already aware that Pitts was] being investigated for claims of committing perjury[.]" PCRA Petition, 12/16/24, at 6. As such, the July 16, 2024 newspaper article discussing Pitts's conviction for police misconduct is simply a newly-discovered source of previously known facts, namely that Pitts used coercion and threats to extract confessions from defendants and was known to give false statements during his testimony before the trial court.

Therefore, we discern no error of law or abuse of discretion in the PCRA court's order that dismissed Appellant's petition on the ground the petition was untimely and Appellant failed to plead and prove the newly-discovered fact exception to the PCRA jurisdictional time-bar. Consequently, the PCRA court lacked jurisdiction to review Appellant's the underlying claims and this Court is without jurisdiction to address Appellant's claims on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/21/2026</u>